# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CURTIS THOMAS,**

    Petitioner,

v.                                                              Case No. 4:18cv519-WS/CAS

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On November 2, 2018, Petitioner Curtis Thomas, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 27, 2019, Respondent filed a motion to dismiss the petition as an unauthorized successive habeas petition, with exhibits. ECF No. 12. Petitioner has filed "Objections to Motion to Dismiss." ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

Petitioner Curtis Thomas indicates he challenges his conviction and sentence entered June 25, 2003, by the Second Judicial Circuit, Gadsden County, Florida, following a jury trial in case number 02-00311-CFA. ECF No. 1 at 1-2. Thomas was convicted of two counts of capital sexual battery, in violation of section 794.011(2)(a), Florida Statutes, and two counts lewd and lascivious molestation, in violation of section 800.04(5)(b), Florida Statutes, in connection with events that occurred between April 26, 2001, and April 26, 2002. Ex. A at 30-33; Ex. B, Jury Trial Vol. 2 at 74-75.[1] The trial court adjudicated him guilty and sentenced him to life in prison on the capital sexual battery convictions and 177.4 months on the other convictions, with all sentences to run concurrent. Ex. A at 34-43.

As indicated in Respondent's motion to dismiss, and as explained in a Report and Recommendation entered in an earlier case, Thomas previously filed a § 2254 petition in this Court challenging this conviction.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.12.

*See* Thomas v. Crews, No. 4:11cv164-MCR/CAS, ECF No. 22.  The Court dismissed that § 2254 petition as untimely on January 30, 2014.  *Id*. ECF Nos. 23 (Order), 24 (Judgment).

In the meantime, on June 15, 2012, Thomas filed a second motion for postconviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence revealing that one of the victims had falsely accused him of committing the crimes. *See* Ex. MM at 1-9.  The state post-conviction court held evidentiary hearings on July 25, 2014, and November 21, 2014.  Exs. NN, OO.  By order on March 30, 2015, the court denied postconviction relief.  Ex. MM at 150-54.

Thomas appealed the order denying postconviction relief to the First District Court of Appeal (DCA) and filed an initial brief in case number 1D15-2208.  Ex. PP.  The State filed an answer brief, Ex. QQ, and Thomas filed a reply, Ex. RR.  On February 27, 2017, the First DCA per curiam affirmed the case without a written opinion.  Ex. SS; *see* Thomas v. State, 230 So. 3d 828 (Fla. 1st DCA 2017) (table).  The mandate issued March 27, 2017.  Ex. TT.

As indicated above, Thomas filed this § 2254 petition on October 18, 2018.  ECF No. 1.  Respondent has filed a motion to dismiss the petition as

untimely, with exhibits. ECF No. 12. Petitioner has filed objections to the motion to dismiss, ECF No. 13, considered by the Court as a reply.

## Analysis

Petitioner Thomas has not shown a jurisdictional basis for this habeas action. He challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. "The Antiterrorisim and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc). The dismissal of Thomas's prior § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). See, e.g., Patterson, 849 F.3d at 1325-26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment. Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive." (citation omitted)); McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding that dismissal as untimely constitutes merits disposition and renders later

petition second or successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted). Thus, the instant petition is "second or successive" for purposes of section 2244(b)(3)(A).

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner

must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). See also 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

      Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district

court to consider it." Tompkins, 557 F.3d at 1259. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Concluson

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 12, be **GRANTED**, and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**